```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

JEFFREY R. BLUNDELL,              )
                                  )
          Plaintiff,              )
                                  )
v.                                )   Case No. CIV-13-372-JHP-KEW
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social            )
Security Administration,          )
                                  )
          Defendant.              )
```

## REPORT AND RECOMMENDATION

Plaintiff Jeffrey R. Blundell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 10, 1961 and was 50 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a machine operator, motor assembler and wirer, telephone answerer, reception desk clerk, and order expeditor. Claimant alleges an inability to work beginning January 5, 2009 due to limitations resulting from visual

impairment and problems with the neck, back, shoulders, arms, and hands.

## Procedural History

On January 4, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Edmund C. Werre ("ALJ") on October 25, 2011 in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on December 5, 2011. On July 26, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform his past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) ignoring most of the probative medical evidence related to Claimant's cervical spine and bilateral shoulder impairments; and (2) reaching an RFC

4

which failed to address Claimant's cervical spine and bilateral shoulder impairments.

**Evaluation of the Probative Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine, status post bilateral carpal tunnel operations and right eye blindness. (Tr. 11). The ALJ concluded, however, that Claimant retained the RFC to perform his past relevant work as an order expediter. (Tr. 15). Alternatively, the ALJ found Claimant retained the RFC to perform less than a full range of light work. In so doing, the ALJ determined Claimant could occasionally lift/carry up to 20 pounds, frequently lift/carry up to 10 pounds, stand/walk for 6 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday. Claimant was restricted from exposure to hazards such as unprotected heights and being around dangerous moving machinery and limited to monocular vision work in terms of depth perception. (Tr. 12). After consultation with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of mail room clerk, clerical mailer, trimmer, data entry clerk, and telephone answerer, all of which the expert testified existed in sufficient numbers both regionally and nationally. (Tr. 16).

5

Claimant contends the ALJ failed to consider the probative medical evidence which demonstrates Claimant's cervical spine and bilateral shoulder impairments. On February 25, 2010, Claimant underwent a consultative examination by Dr. Mohammed Quadeer. Dr. Quadeer acknowledged Claimant's complaints of neck and back pain. He noted Claimant had decreased range of motion associated with pain in his shoulders bilaterally. His grip strength was 5/5 bilaterally strong and firm. Claimant's cervical spine had decreased range of motion associated with muscle spasms. The thoracic-lumbar spine was non-tender with full range of motion. The lumbar-sacral spine had decreased range of motion associated with muscle spasms. Straight leg raising was negative bilaterally in both the sitting and supine positions. Dr. Quadeer diagnosed Claimant with blindness in the right eye due to glaucoma, cervical and lumbar pain, carpal tunnel syndrome status-post bilateral surgery, and anxiety. (Tr. 300-01).

In flexion testing, Dr. Quadeer found Claimant's shoulder abduction was bilaterally decreased at 90 degrees when 150 degrees is normal and his bilateral shoulder forward elevation was decreased at 120 degrees when 150 degrees is normal. He noted Claimant's shoulder abduction was decreased by 10 degrees from normal. He also found Claimant's internal shoulder rotation was

decreased 20 degrees from normal bilaterally. Dr. Quadeer indicated Claimant showed significantly reduced external rotation of his shoulders bilaterally at 60 degrees when 90 degrees is normal. (Tr. 303).

On March 25, 2011, Dr. Kenneth Trinidad authored a report after examining Claimant. Dr. Trinidad found Claimant had 160 degrees of shoulder flexion - a fact noted by the ALJ in his decision. (Tr. 14, 332). Dr. Trinidad also determined, however, that Claimant suffered tenderness over the bicipital grooves of his shoulders and crepitance in his shoulders with movement. He also found Claimant experienced weakness to resistance testing in the muscles of his shoulder girdles bilaterally. Dr. Trinidad found Claimant's shoulder abduction, internal rotation, and external rotation were all bilaterally decreased 10 degrees from normal. (Tr. 332).

On July 27, 2011, Claimant was evaluated by Dr. John A. Munneke. Dr. Munneke found Claimant showed mild tenderness in the AC joints of both of his shoulders and crepitance with shoulder movement. Claimant's Hawkins' and Neer's testing was mildly positive, indicating shoulder impingement. Claimant demonstrated strength 4/5 bilaterally in his shoulder girdles. Moderate tenderness was found in the paravertebral muscles of Claimant's

7

cervical spine bilaterally. Dr. Munneke reported Claimant's cervical spine range of motion was decreased 10 degrees from normal and his right and left cervical rotation were reduced 20 degrees from normal. Dr. Munneke found Claimant's cervical spine extension was decreased to 30 degrees when 60 degrees is normal. (Tr. 337).

The ALJ failed to acknowledge or consider Dr. Munneke's report and Dr. Quadeer's and Dr. Trinidad's findings which conflicted with his determination of non-disability. (Tr. 14). The ALJ must evaluate every medical opinion in the record. <u>Hamlin v. Barnhart</u>, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must also explain in the decision the weight given to the medical opinions. Soc. Sec. R. 96-6p, 1996 WL 374180. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." <u>Haga v. Astrue</u>, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall expressly consider Dr. Munneke's opinion as well as the totality of the opinions of Drs. Quadeer and Trinidad. He shall expressly state the weight given to each opinion and the basis for rejecting their findings.

### RFC Determination

Claimant asserts the ALJ failed to include the limitations resulting from decreased range of motion and pain in Claimant's

8

cervical spine and bilateral shoulders. Given the failure of the ALJ to consider all of the medical opinion evidence which supports a finding of impairment and functional limitation in these areas, the ALJ shall reassess his RFC findings upon considering the aforementioned opinion evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 17th day of February, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE